UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT
OF NEW HAMPSHIRE

In re:

Albert E. St. Germain and
Mary Ellen St. Germain
              Debtors

Chapter 7
Case No. 21-10224-BAH

Gary S. Miliefsky, Plaintiff

      v.

Adv. Proc. No.:

Albert E. St. Germain and Mary Ellen St. Germain, Defendants

### GARY S. MILIEFSKY'S ADVERSARY COMPLAINT FOR DETERMINATION THAT DEBT IS NONDISCHARGEABLE

Gary S. Miliefsky, by and through his attorneys, Olson & Olson, P.A., complains against Defendants, Albert E. and Mary Ellen St. Germain, pursuant to §§ 523(a)(6) and (c)(1) of the United States Bankruptcy Code, 11 U.S.C. §§ *et seq.*, (the "Code") and Bankruptcy Rule 7001(6) for the determination of the dischargeability of a debt and in support states the following.

### NATURE OF ACTION

1. Gary S. Miliefsky brings this action against Albert E. and Mary Ellen St. Germain ("Debtors") to determine the dischargeability of a debt in an amount to be determined, plus accrued interest and costs, for willful and malicious conduct in St. Germain's conduct as a dentist which resulted in the filing of a dental malpractice action in Hillsborough South Superior Court on October 24, 2020.

2. Soon after the filing of Miliefsky's lawsuit, the debtors filed a voluntary petition for bankruptcy relief under Chapter 7 of the Code.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C.A. § 1334. This Court also has jurisdiction because this is an action which arises under Title 11 and is related to Debtor's Chapter 7 bankruptcy proceeding currently pending in the United States Bankruptcy Court for the District of New Hampshire.

4. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

5. This action is brought pursuant to 11 U.S.C. §§ 523(a)(6) and (c)(1) and Federal Rule of Bankruptcy Procedure 7001(6).

## PARTIES

6. Gary S. Miliefsky is an individual who resides in New Hampshire and is a secured creditor in this bankruptcy proceeding.

7. Debtors are individuals who also reside in New Hampshire.

## FACTS

8. Miliefsky is a creditor of the debtors/defendants, having a claim with an outstanding balance of (amount to be determined).

9. Miliefsky filed his complaint in the dental malpractice action against Dr. St. Germain in Hillsborough South Superior Court on October 24th, 2020. The grounds for nondischargeability are as follows:

   A. Dr. St. Germain acted willfully and maliciously by treating Mr. Miliefsky in a manner below the standard of care required of a dentist performing a dental implant because he lacked the requisite specialized knowledge to perform the procedure properly.

   B. Dr. St. Germain willfully and wrongfully failed to perform his duties in compliance with proper standard of medical care because he either intended the adverse consequences or knew that injury to Mr. Miliefsky was substantially certain to result (and did result) from his conduct.

   C. Dr. St. Germain's conduct in willfully failing to perform the implant procedure properly fell below applicable standard of care and evidenced conscious disregard for Mr. Miliefsky's safety because St. Germain inserted the implant dangerously close to a nerve, inserted it in such a way that required multiple procedures to remove it along with pieces of broken metal, and caused Mr.

2

      Miliefsky months of pain, sleepless nights, and lost productivity.

D.    Because Dr. St. Germain's dental malpractice liability policy is likely to be considered an asset of the bankruptcy estate, Mr. Miliefsky will be left without a remedy for St. Germain's willful and malicious conduct unless the Court declares this debt to be nondischargeable.

## CLAIM FOR RELIEF

10.    Pursuant to 11 U.S.C.A. § 523(a)(6), a debtor will not receive a discharge from a debt "for willful and malicious injury by the debtor to another entity or to the property or another entity."

11.    Debtor's misconduct as a dentist in his willful and malicious failure to treat Mr. Miliefsky at or above the requisite standard of care resulted in injury to Mr. Miliefsky.

WHEREFORE plaintiff demands judgment against debtors/defendants for an amount to be determined at trial, plus interest, attorney fees and costs; prays that this court determine that this debt owed to plaintiff by defendant is nondischargeable; and prays for such other and further relief as is just and proper.

                                  Respectfully submitted,
                                  Gary S. Miliefsky,
                                  By his attorneys, Olson & Olson, P.A.

                                By: /s/ Kurt S. Olson
                                Kurt S. Olson
                                Olson & Olson, P.A.
                                31 Franklin Rd.
                                Salisbury, NH 03268
                                (603) 748-1960
                                NH Bar ID #: 12518

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on July 7th, 2021, I served a copy of this Adversary Complaint for Determination that Debt Is Nondischargeable by ECF on Marc L. Van De Water, Esquire, counsel for the Debtors, and Edmond J. Ford and U.S. Trustee, Office of the U.S. Trustee, the trustees in this case and on all parties who have filed Appearances and Requests for Notices with the Court's ECF system, and mailed, U.S. First Class Mail, postage prepaid, to Albert E. St. Germain and Mary Ellen St. Germain, Debtors in this case, at 18 Old Coventry Lane, Bedford, NH 03110-6067.

                                                                   <u>/s/ Kurt S. Olson</u>
                                                                   Kurt S. Olson
                                                                   NH Bar ID #: 12518